IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 13-00765 HG-02 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RAMON BONILLA-GALEAS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 131)**

**and**

**DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL**

Defendant Ramon Bonilla-Galeas, proceeding pro se, has filed a Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  Defendant also requests appointment of counsel. Defendant is not eligible to receive a sentence reduction.

Defendant's Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 131) is **DENIED**. Defendant's request for appointment of counsel is **DENIED**.

<u>**PROCEDURAL HISTORY**</u>

On August 1, 2013, the grand jury returned the Indictment

1

charging Defendant Ramon Bonilla-Galeas with two counts, as follows:

**Count 1** for conspiracy to knowingly and intentionally distribute and possess with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; and,

**Count 4** for possession with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.  (Indictment, ECF No. 10).

On January 21, 2014, Defendant filed a Motion to Suppress. (ECF No. 30).

On February 10, 2014, the Court held a hearing and denied Defendant's Motion to Suppress.  (ECF No. 45).

On September 29, 2014, Defendant pled guilty to Count 1 in the Indictment pursuant to a Plea Agreement.  (ECF No. 70).

On July 2, 2015, Defendant was sentenced to 10 years imprisonment as to Count 1 in the Indictment.  (ECF No. 98).  The Court granted the Government's motion to dismiss Count 4 in the Indictment.  (Id.)

On July 19, 2015, Defendant filed a Notice of Appeal.  (ECF No. 105).

On January 25, 2016, Defendant filed a MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §

2

3582(c)(2) (GUIDELINE AMENDMENT No. 782).   (ECF No. 131).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.   United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry.   Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.   28 U.S.C. §§ 994(o),(u).

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).   U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); Dillon, 560 U.S. at 826-28.

Here, the Court does not reach the second step in the inquiry.   Defendant is not eligible for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines.   Amendment 782 was in effect at the time of

Defendant's sentencing on July 2, 2015, and it was applied to calculate Defendant's sentencing guidelines.

**I.   Amendment 782 to the United States Sentencing Guidelines Was Already Applied to Calculate Defendant's Sentencing Guidelines At His July 2, 2015 Sentencing**

Defendant requests a reduction in sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. (Def.'s Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) at p. 1, ECF No. 131).

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Amendment 782 to the United States Sentencing Guidelines was in effect at the time of Defendant's sentencing on July 2, 2015. Amendment 782 was incorporated into the 2014 United States Sentencing Guidelines.

Defendant's Presentence Investigation Report indicates that the "2014 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level, as this guideline manual is more advantageous to the defendant." (Presentence Investigation Report at ¶ 24, p. 8, ECF No. 100).

Defendant's sentencing guidelines have not been altered. Amendment 782 was already applied to Defendant.  Defendant is

4

ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  U.S.S.G. § 1B1.10(a)(2)(B).

Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed pursuant to Amendment 782 to the United States Sentencing Guidelines (ECF No. 131) is **DENIED**.

## II.  Defendant's Request for Appointment of Counsel

Defendant requests appointment of counsel to assist him in seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) at ¶ 5, ECF No. 131).

The Ninth Circuit Court of Appeals held in United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996) that a defendant does not have a right to counsel when bringing a Section 3582(c) Motion.  The appellate court explained that "the constitutional right to counsel extends only through the defendant's first appeal.  After that, the decision whether to appoint counsel rests in the discretion of the district court."  Id. (citing United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995)).

Defendant has not established that appointment of counsel is warranted as he is not eligible to receive a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines.

Defendant's request for the appointment of counsel is **DENIED**.

## CONCLUSION

DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 131) is **DENIED**.

Defendant's request for the appointment of counsel is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 2, 2016.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

United States v. Ramon Bonilla-Galeas, Crim. No. 13-00765 HG-02;
**ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 131) and DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL**