IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA, ) Crim. No. 13-00765 HG-02
)
Plaintiff, )
)
vs. )
)
RAMON BONILLA-GALEAS, )
)
Defendant. )

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 133)**

Defendant Ramon Bonilla-Galeas, proceeding pro se, has filed a letter seeking reconsideration of the Court's February 2, 2016 Order Denying his Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.

Defendant's Motion for Reconsideration (ECF No. 133) is **DENIED**.

**PROCEDURAL HISTORY**

On August 1, 2013, the grand jury returned the Indictment charging Defendant Ramon Bonilla-Galeas with two counts, as follows:

**Count 1** for conspiracy to knowingly and intentionally distribute and possess with the intent to distribute fifty grams

or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; and,

**Count 4** for possession with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. (Indictment, ECF No. 10).

On September 29, 2014, Defendant pled guilty to Count 1 in the Indictment pursuant to a Plea Agreement. (ECF No. 70).

On July 2, 2015, Defendant was sentenced to 10 years imprisonment as to Count 1 in the Indictment. (ECF No. 98). The Court granted the Government's motion to dismiss Count 4 in the Indictment. (Id.)

On July 19, 2015, Defendant filed a Notice of Appeal. (ECF No. 105).

On January 25, 2016, Defendant filed a MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (GUIDELINE AMENDMENT No. 782). (ECF No. 131).

On February 2, 2016, the Court issued an ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL. (ECF No. 132).

On March 1, 2016, Defendant sent a letter to the Court seeking reconsideration of its February 2, 2016 Order Denying Defendant's Motion for a Sentence Reduction. (ECF No. 133).

**STANDARD OF REVIEW**

A motion seeking reconsideration of a dispositive ruling in a criminal matter is treated like a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). United States v. Belgarde, 148 F.Supp.2d 1104, 1105 (D. Mont. 2001). Such motions must be filed within twenty-eight days of entry of the Court's order. Fed. R. Civ. P. 59(e).

On February 2, 2016, the Court issued its Order Denying Defendant's Motion for Sentence Reduction and served Defendant by mail. Pursuant to Federal Rule of Civil Procedure 6(d), three days are added to the deadline for filing a motion for reconsideration when the Court serves its order to a pro se prisoner by mail. Fed. R. Civ. P. 6(d), 5(b)(2)(C); Steger v. Thomas, 2008 WL 4596569, *1 (D. Haw. Oct. 15, 2008). Defendant had until March 4, 2016 to file a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).

Under the mailbox rule, a prisoner's legal document is deemed filed on the date the prisoner delivered it to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). The Defendant provided his letter requesting reconsideration of the Court's February 2, 2016 Order to prison authorities on March 1, 2016. (Def.'s Letter at p. 2, ECF No. 133). Defendant filed his letter requesting reconsideration

within twenty-eight days of the Court's order. Defendant's letter is construed as a timely motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e). See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

The Ninth Circuit Court of Appeals has set forth the following grounds justifying reconsideration pursuant to Rule 59(e):

> (1) If such motion is necessary to correct manifest errors of law or fact upon which the order rests;
>
> (2) If such motion is necessary to present newly discovered or previously unavailable evidence;
>
> (3) If such motion is necessary to prevent manifest injustice; or,
>
> (4) If an amendment to the order is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). There may also be other, highly unusual, circumstances warranting reconsideration. Sch. Dist. No. 1J, Multnomah Cnt., Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## ANALYSIS

On February 2, 2016, the Court issued an Order denying the Defendant's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. The Court explained in the Order that

Defendant was not eligible for a sentence reduction because Amendment 782, which provided some sentence reductions, was in effect when calculating his sentencing guidelines.

Defendant has filed a letter seeking reconsideration of the Court's February 2, 2016 Order. Defendant asserts in his letter that Amendment 782 to the United States Sentencing Guidelines did not take effect until November 1, 2015. (Letter at p. 1, ECF No. 133). Defendant is incorrect.

Amendment 782 to the United States Sentencing Guidelines became effective on **November 1, 2014**. Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Amendment 782 to the United States Sentencing Guidelines was in effect at the time of Defendant's sentencing on July 2, 2015. Amendment 782 was incorporated into the 2014 United States Sentencing Guidelines.

Defendant's Presentence Investigation Report indicated that the "2014 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level, as this guideline manual is more advantageous to the defendant." (Presentence Investigation Report at ¶ 24, p. 8, ECF No. 100). Amendment 782 was applied to Defendant.

Defendant has not demonstrated that reconsideration is warranted. Defendant was subject to a statutory mandatory

minimum sentence of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A). Defendant was sentenced to the mandatory minimum and is not eligible for a reduction in sentence. (Judgment, ECF No. 98-1).

**CONCLUSION**

There is no basis for reconsideration of the Court's February 2, 2016 Order. Allstate Ins. Co., 634 F.3d at 1111.

(1) Defendant has not demonstrated any error of law or fact that would warrant reconsideration.

(2) Defendant has not presented any previously unavailable evidence.

(3) Defendant has not made any showing of manifest injustice.

(4) There has been no intervening change in controlling law.

//

//

//

//

//

//

//

Defendant's Motion for Reconsideration (ECF No. 133) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 15, 2016.




Helen Gillmor
United States District Judge