IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| MAINOR ANTONIO ABREGO,<br><br>     Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | Criminal No. 13-00765 HG-01<br>Civil No. 16-00454 HG-KSC |

**ORDER DENYING PETITIONER MAINOR ANTONIO ABREGO'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 141)**

Petitioner Mainor Antonio Abrego has filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Petitioner challenges his sentence, claiming that he is entitled to a sentence reduction pursuant to Amendment 782 of the United States Sentencing Guidelines.

Petitioner's Section 2255 Motion (ECF No. 141) is **DENIED**.

**PROCEDURAL HISTORY**

On August 1, 2013, the grand jury returned a four-count Indictment charging Petitioner Mainor Antonio Abrego

("Petitioner") as follows:

**Count 1** for conspiracy to knowingly and intentionally distribute and possess with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846;

**Count 2** for distributing fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A);

**Count 3** for distributing fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and

**Count 4** for possession with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. (ECF No. 10).

On February 5, 2014, Petitioner pled guilty to Count 1 in the Indictment pursuant to a Plea Agreement. (ECF Nos. 40; 42).

On December 4, 2014, Petitioner was sentenced to 60 months imprisonment as to Count 1 in the Indictment. (ECF No. 78). The Court granted the Government's motion to dismiss Counts 2, 3, and 4 of the Indictment. The Court also found that Petitioner qualified for the safety valve provision

pursuant to U.S.S.G. § 5C1.2.  (Id.)

On December 10, 2014, Judgment was entered as to Petitioner.  (ECF No. 81).  Petitioner did not appeal his conviction or sentence.

On August 11, 2016, Petitioner filed a NOTION (sic) TO VACATE[,] SET ASIDE OR CORRECT A SENTENCE BY PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255.  (ECF No. 141).

On August 17, 2016, the Government filed UNITED STATES' MEMORANDUM IN OPPOSITION TO PETITION OF MAINOR ANTONIO ABREGO UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.  (ECF No. 145).

Petitioner did not file a Reply to the Government's Opposition.

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if it was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A prisoner may file a motion ("2255

Motion") to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255.

The scope of collateral attack of a sentence is limited, and does not encompass all claimed errors in conviction and sentencing.

## ANALYSIS

Petitioner Mainor Antonio Abrego ("Petitioner") has filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 141). Petitioner challenges his sentence of 60 months imprisonment, claiming that he is entitled to a sentence reduction pursuant to Amendment 782 of the United States Sentencing Guidelines.

**I. Petitioner's Section 2255 Motion is Untimely**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255,[1] provides a one-year limitation period for filing a petition for habeas corpus relief ("Section 2255 Motion"). The limitation period for a Section 2255 Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is

---

[1] The AEDPA is codified as 28 U.S.C. §§ 2241 through 2255 and 28 U.S.C. §§ 2261 through 2266. Habeas relief sought by federal prisoners is governed by 28 U.S.C. § 2255.

established by a condition set forth in the statute.  28 U.S.C. § 2255(f).

On December 10, 2014, Judgment was entered as to Petitioner.  (ECF No. 81).  Petitioner did not file an appeal.  On December 24, 2014, fourteen days after Judgment was entered, Petitioner's conviction became final.  Fed. R. App. Proc. 4(b); Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).

Absent some alternative start date, Petitioner's time for filing a Section 2255 Motion expired on or about December 24, 2015.  Petitioner filed his Section 2255 Motion on August 11, 2016, approximately 20 months after the date when his judgment became final.  (ECF No. 141).

There is no indication Petitioner's Section 2255 Motion is subject to an alternative start date, nor has he shown that he is entitled to equitable tolling of the AEDPA's one-year statute of limitation.  See United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (describing equitable tolling as to the AEDPA).  Petitioner's Section 2255 Motion is untimely, and may not be granted relief.  28 U.S.C. § 2255(f).  In the interests of thoroughness and finality, however, the Court addresses Petitioner's claim that his sentence should be reduced pursuant to Amendment 782 to the United States

Sentencing Guidelines.

**II. Amendment 782 to the United States Sentencing Guidelines was Already Applied to Calculate Petitioner's Sentencing Guidelines at His December 4, 2014 Sentencing**

Petitioner requests a reduction in his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Amendment 782 to the United States Sentencing Guidelines was in effect at the time of Petitioner's sentencing on December 4, 2014.  Amendment 782 was incorporated into the 2014 United States Sentencing Guidelines.

Petitioner's Presentence Investigation Report states that "[t]he 2014 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level, as this guideline manual is more advantageous to the defendant."  (Presentence Investigation Report at ¶ 21, p. 7, ECF No. 79).  An addendum to the Presentence Investigation Report specifically provides that the Presentence Investigation Report incorporated "**the two-level decrease attributable to Amendment 782** of USSG § 2D1.1, which became effective on 11/01/2014.  In addition, the Recommendation has

6

been amended." (Id. at p. 15) (emphasis added).  At Petitioner's sentencing hearing, the Court adopted the factual findings and conclusions as to the applicable guidelines of the Presentence Investigation Report.  (Sentencing Hearing Transcript at p. 3, ECF No. 116).

The record establishes that Amendment 782 was applied to Petitioner at sentencing.  Petitioner is ineligible for a reduction in sentence.  See 18 U.S.C. § 3582(c)(2);  U.S.S.G. § 1B1.10(a)(2)(B).

**III. Petitioner is Not Entitled to an Evidentiary Hearing**

An evidentiary hearing in a Section 2255 action is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

An evidentiary hearing is not required, however, if a prisoner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)).

Petitioner's claim does not provide grounds for relief.

Petitioner is not entitled to an evidentiary hearing.

### IV. Petitioner is Not Entitled to a Certificate of Appealability

The AEDPA provides that a Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial" showing requires a prisoner to show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)(quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983)).

Petitioner's Section 2255 Motion has not made a substantial showing that Petitioner was deprived of a constitutional right. Petitioner's arguments are not supported by the record and applicable law.  Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

Petitioner is not entitled to a Certificate of Appealability.

### CONCLUSION

8

Petitioner Mainor Antonio Abrego's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 141) is **DENIED**.

Petitioner is not entitled to an evidentiary hearing.

Petitioner is not entitled to a Certificate of Appealability.

This case is now **CLOSED**.

IT IS SO ORDERED.

DATED: November 15, 2016, Honolulu, Hawaii.

_____
Helen Gillmor
United States District Judge

Mainor Antonio Abrego v. United States of America; Cr. No. 13-00765-HG-01; Cv. No. 16-00454-HG-KSC; **ORDER DENYING PETITIONER MAINOR ANTONIO ABREGO'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 141)**

9